**FILED**

**NOV - 9 2010**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA, <br> DoJ <br> Plaintiff, <br><br> v. <br><br> HILTON WORLDWIDE, INC., <br><br> Defendant | Civil Action No. <br><br> Case: 1:10-cv-01924 <br> Assigned To : Roberts, Richard W. <br> Assign. Date : 11/9/2010 <br> Description: Civil Rights-Non-Employ. |

*JURY ACTION*

## COMPLAINT

Plaintiff, the United States of America ("United States"), alleges as follows:

1. The United States brings this action to enforce the provisions of Title III of the Americans with Disabilities Act ("Title III" and "ADA") 42 U.S.C. § 12181 *et seq.*, (as amended), and its implementing regulations, 28 C.F.R. Part 36, against Hilton Worldwide, Inc. ("HWI") formerly known as Hilton Hotels, Inc.

2. The Attorney General seeks to institute this action because it involves a pattern or practice of discrimination and raises issues of general public importance. 42 U.S.C. §§ 12188(b)(1)(B)(ii).

### JURISDICTION AND VENUE

3. This Court has jurisdiction in this action under 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant relief and civil penalties under 42 U.S.C. § 12188(b)(2).

1

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## THE PARTIES

5. Plaintiff is the United States of America.

6. Defendant, Hilton Worldwide, Inc., ("HWI") is a Delaware Corporation and is located at 7930 Jones Branch Drive, McLean, Virginia 22102.

7. Defendant, Hilton Worldwide, Inc., operates a system of over 2,800 hotels throughout the United States under various trade and service names and marks including, *inter alia*, "Hilton," "Conrad Hotels & Resorts," "Doubletree," "Embassy Suites Hotels," "Hampton Inn," "Hampton Inn & Suites," "Hilton Garden Inn," "Hilton Grand Vacations," "Homewood Suites by Hilton," "the Waldorf Astoria," "the Waldorf Astoria Collection," and "Home2 Suites by Hilton." Hotels are places of public accommodation within the meaning of 42 U.S.C. § 12181(7)(a), defined as, "an inn, hotel, motel, or other place of lodging." Defendant Hilton Worldwide, Inc., is a public accommodation within the meaning of Title III of the ADA because it owns and/or operates hotels. 42 U.S.C. § 12182(s); 28 C.F.R. § 36.104. HWI owns, operates, or has entered into and maintains franchise license agreements (the "license agreements") with the owners or the agents of the owners of each facility that participates in the HWI franchise system.

## FACTS

8. The United States received a number of complaints regarding various HWI family brand hotels. These complaints included allegations of HWI family brand hotels without accessible rooms, noncompliant or nonexistent roll-in showers, and a variety other barriers to access and/or violations of Title III of the ADA, 28 C.F.R. Part 36, including the ADA

Standards, *see* 28 C.F.R. §§ 36.401, 36.406, and failure to provide a guaranteed reserved accessible room at check-in.

9.   The United States conducted compliance reviews of thirteen HWI family brand franchised hotels across the country.  The investigation found numerous common violations of Title III of the ADA and the ADA Standards, as detailed below in paragraphs 14-28 below.

10.   Upon information and belief, Defendant HWI controls or participates in the design and construction of each HWI-owned, HWI- managed, or HWI-franchised hotel.  Among other things, HWI:

> (a) must approve the architect and/or designer, and contractor for a new hotel;
>
> (b) must approve the hotel's plans, layouts, and specifications, drawings and designs for constructing and furnishing the hotel, including guest room areas;
>
> (c) must approve any changes to the hotel plans made after the approval of the hotel's plans, layouts and specifications, and drawings and designs for constructing and furnishing the hotel;
>
> (d) must approve the management of an HWI hotel; and,
>
> (e) has the right to conduct periodic inspections of the hotel to ensure compliance with its "System" standards and require changes to correct any deficiencies identified by HWI.

11.   Upon information and belief, the Hilton Franchise Disclosure Document, dated April 27, 2009, requires, among other things, that franchisees:

> (a) must install and use HWI's business software and hardware system, "OnQ," which provides property management, reservation systems, revenue management, and rates and inventory control;

(b) must participate in, and pay for, HWI's marketing programs and frequent

guest programs such as Hilton Honors;

(c) must use the Hilton Worldwide Reservation Service, which ensures priority

access to guest rooms for individuals who use it to make reservations;

(d) must comply with Hilton Planning and Design Standards;

(e) must maintain HWI hotels in accordance with the System standards in the

Franchise License Agreement, the Operating Standards Manual, and the Hilton

Planning and Design Standards Manual and remove any deficiencies in hotel

operations.

12.  On April 25, 2009, the United States notified thirteen HWI family brand properties

that were designed and constructed for first occupancy after January 26, 1993, that it had opened

compliance reviews to assess compliance with the ADA and federal regulations.  The United

States conducted surveys of the thirteen HWI family brand hotels between May 5 and June 6,

2009, conducted reviews of HWI policies and procedures, and surveyed the HWI reservations

systems.

13.  The hotels selected for compliance reviews are: Homewood Suites Phoenix-Metro

Center, Phoenix, Arizona; Hilton Phoenix/Chandler, Chandler, Arizona; Hilton Garden Inn

Phoenix/Avondale, Avondale, Arizona; Hampton Inn Phoenix Airport North, Phoenix, Arizona;

Hilton Garden Inn Atlanta Downtown, Atlanta, Georgia; Hilton Marietta Hotel & Conference

Center, Marietta, Georgia; Hampton Inn Grand Rapids North, Grand Rapids, Michigan;

Homewood Suites, Grand Rapids, Michigan; Hilton Garden Inn Chicago Downtown/Magnificent

Mile, Chicago, Illinois; Hilton Madison Monona Terrace, Madison, Wisconsin; Hilton Garden

Inn Wisconsin Dells, Wisconsin Dells, Wisconsin; Hilton Nashville Downtown, Nashville,

Tennessee; and Hilton Indianapolis, Indianapolis, Indiana.  Upon information and belief, each of these hotels was designed and constructed after January 26, 1993.

14.  The Hilton Phoenix/Chandler, 2929 West Frye Road, Chandler, Arizona 85224, is a privately owned and operated place of lodging that provides 197 separate sleeping rooms for guests.  It is a place of public accommodation under Title III of the ADA.  42 U.S.C. § 12181(7)(A); 28 C.F.R. § 36.104.  At a site inspection conducted on or about May 6, 2009, the United States identified a variety of ADA violations including, but not limited to:

(a) failure to provide rooms with adequate maneuvering clearance at doors and between and around the beds and an accessible route through the rooms, ADA Standards for Accessible Design, 28 C.F.R. Part 36, Appendix A ("the ADA Standards") § 9.2.2;

(b) failure to provide roll-in showers that provide controls on the back wall and a fold down seat mounted securely on the side wall, ADA Standards § 9.1.2;

(c) failure to provide bath tub seats that are mounted securely and do not slip during use, ADA Standards §§ 9(1), 4.20.5;

(d) failure to provide required signage mounted at the appropriate height and location, including at exterior exits from the building, or with raised and Braille letters for all permanent rooms and spaces, including at exits, ADA Standards §§ 9(1), 4.1.3(16), 4.30; and

(e) failure to remove protruding objects that are not cane detectable and pose a hazard to individuals who are blind or who have low vision in areas such as hallways, public spaces, lobbies, meeting rooms, and toilet rooms, ADA Standards §§ 9(1), 4.4.

15.  The Hilton Garden Inn Phoenix/Avondale, 11460 West Hilton Road, Avondale, Arizona 85323, is a privately owned and operated place of lodging that provides 123 separate sleeping rooms for guests, including 22 suites.  It is a place of public accommodation under Title III of the ADA.   42 U.S.C. § 12181(7)(A); 28 C.F.R. § 36.104.  At a site inspection conducted on or about May 7, 2009, the United States identified a variety of ADA violations including, but not limited to:

> (a) failure to provide rooms with adequate maneuvering clearance at doors and between and around the beds and an accessible route through the rooms, ADA Standards § 9.2.2;
>
> (b) failure to provide the required number of accessible rooms for individuals who are deaf or hard of hearing with visual alarms and signal devices, ADA Standards § 9.1.3;
>
> (c) failure to provide visual alarms and strobes in all required spaces within a sleeping room or suite (e.g., sleeping area, bathroom, living room area), that are hard wired to the emergency notification system in designated accessible rooms for individuals who are deaf or hard of hearing, ADA Standards §§ 9.1.3, 9.3;
>
> (d) failure to provide roll-in showers of appropriate size, that provide controls on the back wall and a fold down seat mounted securely on the side wall, ADA Standards § 9.1.2;
>
> (e) failure to provide bath tub seats that are mounted securely and do not slip during use, ADA Standards §§ 9(1), 4.20.3;

(f) failure to provide required signage mounted at the appropriate height and location, including at exterior exits from the building, or with raised and Braille letters for all permanent rooms and spaces, including at exits, ADA Standards §§ 9(1), 4.1.3(16), 4.30; and

(g) failure to remove protruding objects that are not cane detectable and pose a hazard to individuals who are blind or who have low vision in areas such as hallways, public spaces, lobbies, meeting rooms, and toilet rooms, ADA Standards §§ 9(1), 4.4.

16.   The Hampton Inn Phoenix Airport North, 601 North 44th Street, Phoenix, Arizona 85008, is a privately owned and operated place of lodging that provides 106 separate sleeping rooms for guests.  It is a place of public accommodation under Title III of the ADA.  42 U.S.C. § 12181(7)(A); 28 C.F.R. § 36.104.  At a site inspection conducted on or about May 8, 2009, the United States identified a variety of ADA violations including, but not limited to:

(a) failure to provide the required number of accessible guest rooms and suites, ADA Standards § 9.1.2;

(b) failure to provide rooms with adequate maneuvering clearance at doors and between and around the beds and an accessible route through the rooms,  ADA Standards § 9.2.2;

(c) failure to disperse the accessible rooms and suites among the different classes of sleeping accommodations, including rooms that provide a choice of bed configurations (e.g., single king bed or two queen beds), ADA Standards § 9.1.4;

(d) failure to provide the required number of accessible rooms for individuals who are deaf or hard of hearing with visual alarms and signal devices, ADA Standards § 9.1.3;

(e) failure to provide visual alarms and strobes in all required spaces within a sleeping room or suite (e.g., sleeping area, bathroom, living room area), that are hard wired to the emergency notification system in designated accessible rooms for individuals who are deaf or hard of hearing, ADA Standards §§ 9.1.3, 9.3;

(f) failure to provide bath tub seats that are mounted securely and do not slip during use, ADA Standards §§ 9(1), 4.20.3;

(g) failure to provide required signage mounted at the appropriate height and location, including at exterior exits from the building, or with raised and Braille letters for all permanent rooms and spaces, including at exits, ADA Standards §§ 9(1), 4.1.3(16), 4.30; and ADA Standards §§ 9(1), 4.4; and

(h) failure to remove protruding objects that are not cane detectable and pose a hazard to individuals who are blind or who have low vision in areas such as hallways, public spaces, lobbies, meeting rooms, and toilet rooms, ADA Standards §§ 9(1), 4.4.

17. The Hampton Inn Grand Rapids North, 500 Center Drive, Grand Rapids, Michigan 49544, is a privately owned and operated place of lodging that provides 84 separate sleeping rooms for guests. It is a place of public accommodation under Title III of the ADA. 42 U.S.C. § 12181(7)(A); 28 C.F.R. § 36.104. At a site inspection conducted on or about May 12, 2009, the United States identified a variety of ADA violations including, but not limited to:

(a) failure to provide the required number of accessible guest rooms and suites, ADA Standards § 9.1.2;

(b) failure to provide rooms with adequate maneuvering clearance between and around the beds, ADA Standards § 9.1.2;

(c) failure to disperse the accessible rooms and suites among the different classes of sleeping accommodations, including rooms that provide a choice of bed configurations (e.g., single king bed or two queen beds), ADA Standards § 9.1.4;

(d) failure to provide the required number of accessible rooms for individuals who are deaf or hard of hearing with visual alarms and signal devices, ADA Standards § 9.1.3.;

(e) failure to provide visual alarms and strobes in all required spaces within a sleeping room or suite (e.g., sleeping area, bathroom, living room area), that are hard wired to the emergency notification system in designated accessible rooms for individuals who are deaf or hard of hearing, ADA Standards §§ 9.1.3, 9.3;

(f) failure to provide roll-in showers that provide a fold down seat mounted securely on the side wall, ADA Standards § 9.1.2;

(g) failure to provide bath tub seats that are mounted securely and do not slip during use, ADA Standards §§ 9(1), 4.20.3;

(h) failure to provide required signage mounted at the appropriate height and location, including at exterior exits from the building, or with raised and Braille letters for all permanent rooms and spaces, including at exits, ADA Standards §§ 9(1), 4.1.3(16), 4.30; and

(i) failure to remove protruding objects that are not cane detectable and pose a hazard to individuals who are blind or who have low vision in areas such as hallways, public spaces, and meeting rooms, ADA Standards §§ 9(1), 4.4.

18. The Hilton Garden Inn Wisconsin Dells, 101 East Hiawatha Drive, Wisconsin Dells, Wisconsin 53965, is a privately owned and operated place of lodging that provides 128 separate sleeping rooms for guests. It is a place of public accommodation under Title III of the ADA. 42 U.S.C. § 12181(7)(A); 28 C.F.R. § 36.104. At a site inspection conducted on or about May 12, 2009, the United States identified a variety of ADA violations including, but not limited to:

(a) failure to provide the required number of accessible guest rooms and suites, ADA Standards § 9.1.2;

(b) failure to provide rooms with adequate maneuvering clearance at doors, ADA Standards § 9.2.2;

(c) failure to provide visual alarms and strobes in all required spaces within a sleeping room or suite (e.g., sleeping area, bathroom, living room area), that are hard wired to the emergency notification system in designated accessible rooms for individuals who are deaf or hard of hearing, ADA Standards §§ 9.1.3, 9.3;

(d) failure to provide roll-in showers that provide a fold down seat that extends the full depth of the shower, ADA Standards § 9.1.2;

(e) failure to provide bath tub seats that are mounted securely and do not slip during use, ADA Standards §§ 9(1), 4.20.3;

-10-

      (f) failure to provide required signage mounted at the appropriate height and location, including at exterior exits from the building, or with raised and Braille letters for all permanent rooms and spaces, including at exits, ADA Standards §§ 9(1), 4.1.3(16), 4.30; and

      (g) failure to remove protruding objects that are not cane detectable and pose a hazard to individuals who are blind or who have low vision in areas such as public spaces, lobbies, and meeting rooms, ADA Standards §§ 9(1), 4.4.

    19.   The Homewood Suites Grand Rapids, 3920 Stahl Drive, Grand Rapids, Michigan 49546, is a privately owned and operated place of lodging that provides 78 separate sleeping rooms for guests.  It is a place of public accommodation under Title III of the ADA. 42 U.S.C. § 12181(7)(A): 28 C.F.R. § 36.104.   At a site inspection conducted on or about May 13, 2009, the United States identified a variety of ADA violations including, but not limited to:

      (a) failure to provide the required number of accessible guest rooms and suites, ADA Standards § 9.1.2;

      (b) failure to provide rooms with adequate maneuvering clearance between and around the beds, ADA Standards § 9.2.2;

      (c) failure to provide the required number of accessible rooms for individuals who are deaf or hard of hearing with visual alarms and signal devices, ADA Standards § 9.1.3;

      (d) failure to provide visual alarms and strobes in all required spaces within a sleeping room or suite (e.g., sleeping area, bathroom, living room area), that are

hard wired to the emergency notification system in designated accessible rooms

for individuals who are deaf or hard of hearing, ADA Standards §§ 9.1.3, 9.3;

(e) failure to provide roll-in showers that provide controls on the back wall,

ADA Standards § 9.1.2;

(f) failure to provide required signage mounted at the appropriate height and

location, including at exterior exits from the building, or with raised and Braille

letters for all permanent rooms and spaces, including at exits, ADA Standards

§§ 9(1), 4.1.3(16), 4.30; and

(g) failure to remove protruding objects that are not cane detectable and pose a

hazard to individuals who are blind or who have low vision in areas such as

public spaces and meeting rooms, ADA Standards §§ 9(1), 4.4.

20.  The Hilton Madison Monona Terrace, 9 East Wilson Street, Madison, Wisconsin

53703, is a privately owned and operated place of lodging that provides 237 separate sleeping

rooms for guests.  It is a place of public accommodation under Title III of the ADA. 42 U.S.C.

§ 12181(7)(A); 28 C.F.R. § 36.104.  At a site inspection conducted on or about May 13, 2009,

the United States identified a variety of ADA violations including, but not limited to:

(a) failure to provide rooms with an accessible route through the rooms,

ADA Standards § 9.2.2;

(b) failure to provide the required number of accessible rooms for individuals

who are deaf or hard of hearing with visual alarms and signal devices,

ADA Standards § 9.1.3;

(c) failure to provide visual alarms and strobes in all required spaces within a

sleeping room or suite (e.g., sleeping area, bathroom, living room area), that are

hard wired to the emergency notification system in designated accessible rooms

for individuals who are deaf or hard of hearing, ADA Standards §§ 9.1.3, 9.3;

(d) failure to provide roll-in showers that provide a fold down seat of the size and

shape required that extends the full depth of the shower, ADA Standards § 9.1.2;

(e) failure to provide bath tub seats that are mounted securely and do not slip

during use, ADA Standards §§ 9(1), 4.20.3; and

(f) failure to provide required signage mounted at the appropriate height and

location, including at exterior exits from the building, or with raised and Braille

letters for all permanent rooms and spaces, including at exits, ADA Standards

§§ 9(1), 4.1.3(16), 4.30.

21.  The Hilton Indianapolis, 120 West Market Street, Indianapolis, Indiana 46204, is a

privately owned and operated place of lodging that provides 332 separate sleeping rooms for

guests.  It is a place of public accommodation under Title III of the ADA. 42 U.S.C.

§ 12181(7)(A); 28 C.F.R. § 36.104.  At a site inspection conducted on or about May 19, 2009,

the United States identified a variety of ADA violations including, but not limited to:

(a) failure to disperse the accessible rooms and suites among the different classes

of sleeping accommodations, including rooms that provide a choice of bed

configurations (e.g., single king bed or two queen beds), ADA Standards § 9.1.4;

(b) failure to provide the required number of accessible rooms for individuals who

are deaf or hard of hearing with visual alarms and signal devices, ADA Standards

§ 9.1.3;

(c) failure to provide visual alarms and strobes in all required spaces within a

sleeping room or suite (e.g., sleeping area, bathroom, living room area), that are

hard wired to the emergency notification system in designated accessible rooms

for individuals who are deaf or hard of hearing, ADA Standards §§ 9.1.3, 9.3;

(d) failure to provide roll-in showers that provide a fold down seat of the size

required, ADA Standards § 9.1.2;

(e) failure to provide bath tub seats that are mounted securely and do not slip

during use, ADA Standards §§ 9(1), 4.20.3;

(f) failure to provide required signage mounted at the appropriate height and

location, including at exterior exits from the building, or with raised and Braille

letters for all permanent rooms and spaces, including at exits, ADA Standards

§§ 9(1), 4.1.3(16), 4.30; and

(g) failure to remove protruding objects that are not cane detectable and pose a

hazard to individuals who are blind or who have low vision in areas such as

public spaces, lobbies, and meeting rooms, ADA Standards §§ 9(1), 4.4.

22.  The Hilton Marietta Hotel and Conference Center, 500 Powder Springs Road,

Marietta, Georgia 30064, is a privately owned and operated place of lodging that provides 198

separate sleeping rooms for guests.  It is a place of public accommodation under Title III of the

ADA.  42 U.S.C. § 12181(7)(A); 28 C.F.R. § 36.104.  At a site inspection conducted on or about

May 27, 2009, the United States identified a variety of ADA violations including, but not limited

to:

(a) failure to provide the required number of accessible guest rooms and suites,

ADA Standards § 9.1.2;

(b) failure to provide rooms with adequate maneuvering clearance at doors and between and around the beds and an accessible route through the rooms, ADA Standards § 9.2.2;

(c) failure to disperse the accessible rooms and suites among the different classes of sleeping accommodations, including rooms that provide a choice of bed configurations (e.g., single king bed or two queen beds), ADA Standards § 9.1.4;

(d) failure to provide the required number of accessible rooms for individuals who are deaf or hard of hearing with visual alarms and signal devices, ADA Standards § 9.1.3;

(e) failure to provide visual alarms and strobes in all required spaces within a sleeping room or suite (e.g., sleeping area, bathroom, living room area), that are hard wired to the emergency notification system in designated accessible rooms for individuals who are deaf or hard of hearing, ADA Standards §§ 9.1.3, 9.3;

(f) failure to provide roll-in showers that provide controls on the back wall and a fold down seat mounted securely on the side wall, ADA Standards § 9.1.2;

(g) failure to provide bath tub seats that are mounted securely and do not slip during use, ADA Standards §§ 9(1), 4.20.3;

(h) failure to provide required signage mounted at the appropriate height and location, including at exterior exits from the building, or with raised and Braille letters for all permanent rooms and spaces, including at exits, ADA Standards §§ 9(1), 4.1.3(16), 4.30; and

(i) failure to remove protruding objects that are not cane detectable and pose a hazard to individuals who are blind or who have low vision in areas such as hallways, public spaces, lobbies, meeting rooms, and toilet rooms, ADA Standards §§ 9(1), 4.4.

23.   The Hilton Garden Inn Atlanta Downtown, 275 Baker Street, Atlanta, Georgia 30313, is a privately owned and operated place of lodging, managed by Hilton, that provides 242 separate sleeping rooms for guests.  It is a place of public accommodation under Title III of the ADA.  42 U.S.C. § 12181(7)(A); 28 C.F.R. § 36.104.  At a site inspection conducted on or about May 28, 2009, the United States identified a variety of ADA violations including, but not limited to:

(a) failure to provide the required number of accessible guest rooms and suites, ADA Standards § 9.1.2;

(b) failure to provide rooms with adequate maneuvering clearance at doors and between and around the beds and an accessible route through the rooms,  ADA Standards § 9.2.2;

(c) failure to disperse the accessible rooms and suites among the different classes of sleeping accommodations, including rooms that provide a choice of bed configurations (e.g., single king bed or two queen beds), ADA Standards § 9.1.4;

(d) failure to provide the required number of accessible rooms for individuals who are deaf or hard of hearing with visual alarms and signal devices, ADA Standards § 9.1.3;

(e) failure to provide visual alarms and strobes in all required spaces within a sleeping room or suite (e.g., sleeping area, bathroom, living room area), that are hard wired to the emergency notification system in designated accessible rooms for individuals who are deaf or hard of hearing, ADA Standards §§ 9.1.3, 9.3;

(f) failure to provide roll-in showers that provide controls on the back wall and a fold down seat mounted securely on the side wall, ADA Standards § 9.1.2;

(g) failure to provide bath tub seats that are mounted securely and do not slip during use, ADA Standards §§ 9(1), 4.20.3;

(h) failure to provide required signage mounted at the appropriate height and location, including at exterior exits from the building, or with raised and Braille letters for all permanent rooms and spaces, including at exits, ADA Standards §§ 9(1), 4.1.3(16), 4.30; and

(i) failure to remove protruding objects that are not cane detectable and pose a hazard to individuals who are blind or who have low vision in areas such as hallways, public spaces, lobbies, meeting rooms, and toilet rooms, ADA Standards §§ 9(1), 4.4.

24.  The Hilton Nashville Downtown, 121 4th Avenue South, Nashville, Tennessee 37201, is a privately owned and operated place of lodging that provides 330 separate sleeping rooms for guests.  It is a place of public accommodation under Title III of the ADA.  42 U.S.C. § 12181(7)(A); 28 C.F.R. § 36.104.  At a site inspection conducted on or about June 1, 2009, the United States identified a variety of ADA violations including, but not limited to:

(a) failure to provide rooms with adequate maneuvering clearance at doors, ADA Standards § 9.2.2;

-17-

(b) failure to disperse the accessible rooms and suites among the different classes

of sleeping accommodations, including rooms that provide a choice of bed

configurations (e.g., single king bed or two queen beds), ADA Standards § 9.1.4;

(c) failure to provide roll-in showers that provide controls on the back wall and a

fold down seat mounted securely on the side wall, ADA Standards § 9.1.2;

(d) failure to provide bath tub seats that are mounted securely and do not slip

during use, ADA Standards §§ 9(1), 4.20.3;

(e) failure to provide required signage mounted at the appropriate height and

location, including at exterior exits from the building, or with raised and Braille

letters for all permanent rooms and spaces, including at exits, ADA Standards

§§ 9(1), 4.1.3(16), 4.30; and

(f) failure to remove protruding objects that are not cane detectable and pose a

hazard to individuals who are blind or who have low vision in areas such as

hallways, public spaces, and lobbies, ADA Standards §§ 9(1), 4.4.

25.  The Homewood Suites Phoenix Metro Center, 2536 West Beryl Avenue, Phoenix,

Arizona 85012, is a privately owned and operated place of lodging, managed by Hilton, that

provides 126 separate sleeping rooms for guests.  It is a place of public accommodation under

Title III of the ADA.  42 U.S.C. § 12181(7)(A); 28 C.F.R. § 36.104.  At a site inspection

conducted on or about June 2, 2009, the United States identified a variety of ADA violations

including, but not limited to:

(a) failure to provide the required number of accessible guest rooms and suites,

ADA Standards § 9.1.2;

(b) failure to provide rooms with adequate maneuvering clearance at doors and between and around the beds and an accessible route through the rooms, ADA Standards § 9.2.2;

(c) failure to disperse the accessible rooms and suites among the different classes of sleeping accommodations, including rooms that provide a choice of bed configurations (e.g., single king bed or two queen beds), ADA Standards § 9.1.4;

(d) failure to provide the required number of accessible rooms for individuals who are deaf or hard of hearing with visual alarms and signal devices, ADA Standards § 9.1.3;

(e) failure to provide visual alarms and strobes in all required spaces within a sleeping room or suite (e.g., sleeping area, bathroom, living room area), that are hard wired to the emergency notification system in designated accessible rooms for individuals who are deaf or hard of hearing, ADA Standards §§ 9.1.3, 9.3;

(f) failure to provide roll-in showers that provide controls on the back wall and a fold down seat mounted securely on the side wall, ADA Standards § 9.1.2;

(g) failure to provide bath tub seats that are mounted securely and do not slip during use, ADA Standards §§ 9(1), 4.20.3;

(h) failure to provide required signage mounted at the appropriate height and location, including at exterior exits from the building, or with raised and Braille letters for all permanent rooms and spaces, including at exits, ADA Standards §§ 9(1), 4.1.3(16), 4.30; and

(I) failure to remove protruding objects that are not cane detectable and pose a hazard to individuals who are blind or who have low vision in areas such as

hallways, public spaces, lobbies, meeting rooms, and toilet rooms, ADA

Standards §§ 9(1), 4.4.

26.  The Hilton Garden Inn Chicago Downtown Magnificent Mile, 10 East Grand

Avenue, Chicago, Illinois 60611, is a privately owned and operated place of lodging that

provides 357 separate sleeping rooms for guests.  It is a place of public accommodation under

Title III of the ADA. 42 U.S.C. § 12181(7)(A); 28 C.F.R. § 36.104.  At a site inspection

conducted on or about June 5, 2009, the United States identified a variety of ADA violations

including, but not limited to:

> (a) failure to provide rooms with adequate maneuvering clearance at doors and
>
> between and around the beds and an accessible route through the rooms, ADA
>
> Standards § 9.2.2;
>
> (b) failure to disperse the accessible rooms and suites among the different classes
>
> of sleeping accommodations, including rooms that provide a choice of bed
>
> configurations (e.g., single king bed or two queen beds), ADA Standards § 9.1.4;
>
> (c) failure to provide the required number of accessible rooms for individuals who
>
> are deaf or hard of hearing with visual alarms and signal devices, ADA Standards
>
> § 9.1.3;
>
> (d) failure to provide visual alarms and strobes in all required spaces within a
>
> sleeping room or suite (e.g., sleeping area, bathroom, living room area), that are
>
> hard wired to the emergency notification system in designated accessible rooms
>
> for individuals who are deaf or hard of hearing, ADA Standards §§ 9.1.3, 9.3;

(e) failure to provide roll-in showers that provide a fold down seat mounted securely on the side wall, or a fold down seat of the proper size and configuration, ADA Standards § 9.1.2;

(f) failure to provide bath tub seats that are mounted securely and do not slip during use, ADA Standards §§ 9(1), 4.20.3;

(g) failure to provide required signage mounted at the appropriate height and location, including at exterior exits from the building, or with raised and Braille letters for all permanent rooms and spaces, including at exits, ADA Standards §§ 9(1), 4.1.3(16), 4.30; and

(h) failure to remove protruding objects that are not cane detectable and pose a hazard to individuals who are blind or who have low vision in areas such as hallways, public spaces, lobbies, meeting rooms, and toilet rooms, ADA Standards §§ 9(1), 4.4.

27.  Upon information and belief, HWI owns and operates its own central reservations system, both web-based and telephonic, through Hilton Reservations Worldwide, LLC dba Hilton Reservations & Customer Care, which is a wholly-owned subsidiary of HWI located in Carrolton, Texas.  The Hilton Franchise Disclosure Document dated April 27, 2009, requires franchises to participate in the central reservations system, and to give first priority to confirmed reservations made through the system.  Individuals can reserve guest rooms at any HWI branded property, corporate-owned or franchised, through their system.

28.  Upon information and belief, individuals with disabilities are unable to reserve accessible sleeping accommodations through the Hilton Reservations & Customer Care system,

in violation of the requirements of section 302(a)(1) of the Act, 42 U.S.C. § 12182(a)(1) including, but are not limited to, the items set forth below:

  (a) individuals with disabilities are unable to reserve, on-line, accessible sleeping accommodations with either a tub or a roll-in shower;

  (b) individuals who are deaf or hard of hearing are unable to reserve, on-line, a guest room fitted with visual alarms;

  (c) the on-line reservations system does not accurately reflect the inventory of accessible types of rooms and amenities available at each property, i.e., two bedded rooms, one bedded rooms, suites, or adjoining rooms;

  (d) the telephone reservations system does not accurately reflect the inventory of accessible types of rooms and amenities available at each property, i.e., two bedded rooms, one bedded rooms, suites, or adjoining rooms; and

  (e) individuals with disabilities who have made reservations for accessible sleeping accommodations, on-line or by telephone, upon arrival, are not provided with the accessible sleeping accommodations they reserved.

## CAUSES OF ACTION

**I.**  **Failure to Design and Construct Hotels That Are Readily Accessible to, and Usable by, Individuals with Disabilities in Violation of 42 U.S.C. § 12183(a)(1)**

29. The allegations of Paragraphs 1 through 28 of the Complaint are hereby realleged and incorporated by reference as if fully stated herein.

30. By its substantial involvement in the design and construction of HWI-owned and HWI-franchised hotels, HWI fails to provide hotels that are readily accessible to or usable by individuals with disabilities, as required by section 303(a)(1) of the Act, 42 U.S.C.

§ 12183(a)(1). HWI fails in numerous respects to comply with the Department of Justice's

regulation implementing Title III of the ADA, 28 C.F.R. Part 36, ("the Regulation"), including

the ADA Standards for Accessible Design, 28 C.F.R. Part 36, Appendix A ("the ADA

Standards"). *See* 28 C.F.R. §§ 36.401, 36.406.

**II.      Operation of Public Accommodations in a Manner That Discriminates
Against Individuals with Disabilities in Violation of 42 U.S.C. § 12182**

31.  The allegations of Paragraphs 1 through 30 of the Complaint are hereby realleged

and incorporated by reference as if fully stated herein.

32.  HWI discriminates against individuals with disabilities on the basis of disability in

the full and equal enjoyment of its goods, services, facilities, privileges, advantages, and

accommodations, in violation of Title III of the ADA, 42 U.S.C. § 12182, and its implementing

regulation, 28 C.F.R. Part 36.

33.  Examples of the failure of HWI to provide individuals with disabilities the full and

equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations

include, but are not limited to, the following:

> (a) operating a centralized reservations system with a toll free number (1-800-
>
> hiltons), and a website (www.hilton.com) where individuals can reserve guest
>
> rooms at any HWI branded property, but upon information and belief, guests with
>
> disabilities are unable to reserve, on-line, accessible sleeping accommodations
>
> equivalent to those offered to other guests.  For example, the on-line reservation
>
> system does not allow individuals with mobility disabilities to guarantee a
>
> reservation for an accessible room with either a tub or a roll-in shower.  The
>
> Hilton Reservations & Customer Care, and its on-line reservations system does

not allow individuals who are deaf or hard of hearing to reserve,   on-line, a guest room fitted with visual alarms.  In addition, the reservations system does not accurately reflect the inventory of accessible types of rooms and amenities available at each property, i.e., two bedded rooms, one bedded rooms, suites, or adjoining rooms;

(b) Upon information and belief, the United States alleges that guests with disabilities who make reservations over the telephone for designated accessible rooms often learn upon arrival that the room they reserved is not accessible or is unavailable.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court:

A.  Grant judgment in favor of the United States on its Complaint and declare that the defendant has violated Title III of the ADA, 42 U.S.C. §§ 12181 *et seq.*, and the relevant implementing regulations;

B.  Declare that Defendant HWI has violated Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, and its implementing regulations, 28 C.F.R. Part 36,  by failing to design and construct its new facilities, including facilities owned or franchised by defendant, for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities;

C.  Enjoin the defendant to modify its policies, practices, and procedures as necessary to bring all HWI-owned and HWI-franchised hotels into compliance with Title III of the ADA, 42 U.S.C. §§ 12181 *et seq.*, and the relevant implementing regulations;

D.  Enjoin HWI to ensure that all newly constructed hotels that operate under the HWI brand or any of its family of brands be designed and constructed in such a manner that they will

be readily accessible to and usable by individuals with disabilities as required by Title III of the

ADA, 42 U.S.C. § 12181, *et seq.*, and its implementing regulations, 28 C.F.R. Part 36;

E.  Enjoin HWI to make all necessary repairs and take any other remedial steps necessary

to bring all HWI family hotels into full compliance with the requirements of Title III of the

ADA, and its implementing regulation, 28 C.F.R. Part 36, and the ADA Standards for Accessible

Design, at Appendix A to the regulation;

F.  Assess a civil penalty against HWI in an amount authorized by 42 U.S.C.

§ 12188(b)(2)(c) to vindicate the public interest;

G.  Award damages in an appropriate amount to persons identified by the United States

as persons who have experienced discrimination on the basis of disability by Defendant Hilton,

within dates to be determined by the Court, and

H.  Order such other appropriate relief as the interests of justice may require.

### Jury Demand

The plaintiff hereby demands a trial by jury of all issues so triable pursuant to

Rule 38 of the Federal Rules of Civil Procedure.

Date: *November 9, 2010*

Respectfully submitted,

THOMAS E. PEREZ
Assistant Attorney General
SAMUEL R. BAGENSTOS
Principal Deputy Assistant Attorney General

RONALD C. MACHEN, JR.
United States Attorney
Office of the United States Attorney
District of Columbia
555 4th Street, NW
Washington, D.C. 20530
(202) 514-7566

JOHN L. WODATCH, Chief
PHILIP L. BREEN, Special Legal Counsel
RENEE M. WOHLENHAUS, Deputy Chief
Disability Rights Section
Civil Rights Division

PHYLLIS M. COHEN
BETH A. ESPOSITO
JOY LEVIN WELAN
Trial Attorneys
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW – NYA
Washington, D.C. 20530
(202) 307-0663